IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00790-GPG

BENJAMIN FRANCIS KOLE,

      Plaintiff,

v.

JUDGE THOMAS L. LYNCH (in his individual & professional capacity),
DISTRICT ATTORNEY NICHOLAS CUMMINGS (in his individual & professional
      capacity),
JUDGE MARY JOAN BERENATO (in her individual & professional capacity),
SHERIFF JUSTIN SMITH (in his individual & professional capacity),
CAPTAIN TIMOTHY PALMER (in his individual & professional capacity),
LIEUTENANT MICHAEL ESTERS (in his individual & professional capacity),
LIEUTENANT STACEY SHAFFER (in her individual & professional capacity),
CORPORAL BRYCE GRIFFIN (in his individual & professional capacity),
SERGEANT AARON SMOYER (in his individual & professional capacity),
DEPUTY CASSONDRA WINDWALKER (in her individual capacity), and
VOLUNTEER COORDINATOR LISA SCHLUETER (in her individual & professional
      capacity),

      Defendants.

---

## ORDER OF DISMISSAL

---

      Plaintiff, Benjamin Francis Kole, is an inmate at the Larimer County Detention
Facility in Fort Collins, Colorado.  Mr. Kole initiated this action by filing a complaint in the
Larimer County, Colorado, District Court claiming his rights under the United States
Constitution have been violated.  On April 15, 2015, Defendants removed the action to
this court.  The operative pleading is Mr. Kole's Second Amended Prisoner's Complaint
(ECF No. 3).

      On April 28, 2015, Magistrate Judge Gordon P. Gallagher ordered Mr. Kole to

show cause why this action should not be dismissed as duplicative of another pending action in the District of Colorado. *See Kole v. Smith*, No. 14-cv-01435-WJM-KLM (D. Colo. filed May 21, 2014). On May 7, 2015, Mr. Kole filed a response (ECF No. 9) to Magistrate Judge Gallagher's show cause order arguing that this action should not be dismissed. On May 26, 2015, he filed a second response (ECF No. 10) that, other than the date it is signed, appears to be identical to the first response.

The Court must construe the documents filed by Mr. Kole liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

Mr. Kole concedes in his response to Magistrate Judge Gallagher's show cause order that some of his claims in this action are identical to his claims against the same Defendants in case number 14-cv-01435-WJM-KLM. However, he argues that this action is not entirely duplicative because he is raising additional claims in this action that were not raised in his original complaint in case number 14-cv-01435-WJM-KLM and some of the Defendants in this action were not listed as Defendants in his original complaint in case number 14-cv-01435-WJM-KLM. Mr. Kole acknowledges that he has filed a motion to amend in case number 14-cv-01435-WJM-KLM, and tendered a third amended pleading in that case, that also raises these new claims and names the same Defendants. Mr. Kole maintains that the new claims presented in his tendered third amended complaint in case number 14-cv-01435-WJM-KLM are not officially part of that action because the motion to amend remains pending. As a result, he contends that he

2

should be allowed to pursue those same claims in this action.  The Court is not persuaded.

"A district court, as part of its general power to administer its docket, 'may stay or dismiss a suit that is duplicative of another federal court suit.'" *Park v. TD Ameritrade Trust Co.*, 461 F. App'x 753, 755 (10th Cir. 2012) (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)).  In general, "a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Id.* (internal quotation marks omitted).

The Court may take judicial notice of its own records and files that are part of the court's public records.  *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).  The Court has reviewed the records and filings in *Kole v. Smith*, No. 14-cv-01435-WJM-KLM (D. Colo. filed May 21, 2014), and finds that Mr. Kole's claims in this action are duplicative of his claims in case number 14-cv-01435-WJM-KLM.  In other words, the claims, parties, and relief being sought do not differ significantly between the two actions and Mr. Kole may not pursue the same claims simultaneously in multiple cases.  Furthermore, even if Mr. Kole is denied leave to file his tendered third amended complaint in case number 14-cv-01435-WJM-KLM, many of his claims in this action are identical to claims raised in that action and some of those claims already have been found to lack merit.  Therefore, this action will be dismissed.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438

(1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed without prejudice.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this __4th__ day of ____June_____, 2015.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court